TODD WHITE
333 K STREET UNIT 15-1
CHULA VISTA CA 91911
TELEPHONE: (619) 354-8752
toddcwhite619@gmail.com

ATTORNEYS FOR PLAINTIFF

FILED

17 SEP -1 AM 11: 22

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WHITE, an individual, on behalf of himself, and as the proposed guardian *ad litem* for JAMES WHITE,<br><br>PLAINTIFF,<br><br>v.<br><br>SAN DIEGO SUNRISE MANAGEMENT COMPANY, a California corporation, NICKIE WHITE, an individual, SILVIA CHAIREZ, an individual, and DOES 1-100,<br><br>DEFENDANTS. | CASE NO.: 3:17-cv-1416-JAH-JMA<br><br>HON. JOHN ANTHONY HOUSTON<br><br>**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY AND INJUNCTIVE RELIEF FOR:**<br><br>(1) VIOLATION OF THE FAIR HOUSING ACT ("FHA"), 42 U.S.C. §3601 ET. SEQ.<br><br>(2) VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. §12101, ET. SEQ.<br><br>**DEMAND FOR CIVIL JURY TRIAL** |

1

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiff Todd White, an individual, on behalf of himself, and as the proposed guardian *ad litem* of his father Mr. James White ("Mr. White") complains that the landlords Defendants' San Diego Sunrise Management Company and Silvia Chairez requires that the monthly rent payments, must be paid out from Mr. White's disability benefits in order to support their violation of federal laws, such as the Fair Housing Act and Americans with Disabilities Act, which are designed to eliminate the discrimination, retaliation, and harassment of certain protected classes of people in the rental of housing, including the disabled. Instead, however, the Defendants' insist upon a pattern of conduct which violates the law through policies, practices, and procedures that includes the failure to make reasonable accommodations (*e.g.* the installation of a wheel-chair ramp at the door to the apartment unit or the providing of a handicap accessible bathroom facility, among many other failures to provide necessary repairs). Thus, Defendants' San Diego Sunrise Management Company and Silvia Chairez, have caused a constructive eviction through the cooperative failure to provide a habitable unit where Mr. White's disability was reasonably accommodated for. All before their attempt to negotiate a monthly rent hike of an unconscionable Two Hundred Dollar ($200.00) monthly increase, meanwhile retaliating against Plaintiff in the form of two consecutive constructive evictions because he has opposed the Defendants' unlawful housing policies and practices.

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction under 28 U.S.C. §1332.

3. Venue is proper under 28 U.S.C. §1391 because the substantial events giving rise to the action occurred in this judicial district.

## III. PARTY DESIGNATIONS

4. Plaintiff Todd White is an individual who resides at 330 K Street #15-1, Chula Vista, CA 91911, and pursuant to Rule 17 of the Federal Rules of Civil Procedure is the proposed *guardian ad litem* for his father, Mr. James White over whom Plaintiff wishes

2

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY AND INJUNCTIVE RELIEF

to proceed *in loco parentis* for the purpose of this action. Because of Defendant Nickie White's undue influence which has significantly caused ratification of the acts and omissions of Defendants' San Diego Sunrise Management Company and Silvia Chairez such that joinder of all the parties are required, Rule 17 of the Federal Rules of Civil Procedure provides for appointment of a *guardian ad litem* to sue or defend on behalf of an incompetent person in the absence of a duly appointed representative.

5. Defendant San Diego Sunrise Management Company is a California corporation with its principal place of business located at 7837 Convoy Court, Suite 100, San Diego, CA 92111 and was at all times relevant to this Verified Complaint, the contracted property management company of the Pine Vista Apartments situated at 330 K Street, Chula Vista, CA 91911.

6. Defendant Nickie White is an individual whom resides at 330 K Street #15, Chula Vista, CA 91911 and served there as the in-home health care worker for Mr. White. As the employee of Mr. White's, she owes to him, among other things, the fiduciary duty not to breach the Covenant of Good Faith and Fair Dealing through the acts and omissions described of in this Verified Complaint. To the extent Defendant Nickie White seeks the availment of certain rights and immunities afforded to a "spouse" as that term is defined under California law, those rights and immunities are pre-empted because they form part of the instrumentalities in which the Defendants' employed in violating the federal civil rights of Mr. White.

7. Defendant Silvia Chairez is an individual whom resides at 330 K Street #1, Chula Vista, CA 91911 and during the times relevant to this Verified Complaint was the onsite property manager of the Pine Vista Apartments and was acting within the scope of her employment making leasing decisions and management decisions on behalf of her employer in the operation and maintenance of the Pine Vista Apartments.

8. The true names and capacities of Defendant Does 1-100 are presently unknown to Plaintiff, and he will seek leave to amend this Verified Complaint, setting forth

3

**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY AND INJUNCTIVE RELIEF**

the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitious Defendants' have participated in the acts alleged in this Verified Complaint.

## IV. FACTS SUPPORTING DEFENDANTS' LIABILITY

9. In the three months preceding November 2016, Plaintiff resided at the Pine Vista Apartments in Chula Vista, where his mother Defendant Nickie White and he had shared the joint responsibility as caregiver of his disabled father Mr. James White. But, all of that ended abruptly on November 3, 2016, when Mrs. White called the Chula Vista Police Department to the apartment residence, and claimed that Plaintiff had assaulted her. The police however, found no evidence to corroborate her bogus claims, nor was there an arrest made in connection with the Defendant's alleged domestic violence report to police. Nonetheless, out of an abundance of caution, Plaintiff then retreated to a local motel where he contacted Defendant San Diego Sunrise Management's corporate office several times about his objections to the perceived constructive eviction that was taking place, but to no avail, when on November 7, 2016, Defendant White, who plainly was dissatisfied with the results of her false police reports, then made a sworn statement to the state superior court, where she had again testified about purported domestic violence on November 3, 2016, which therefore wrongfully caused there to be a temporary restraining order entered against Plaintiff. That court declined ultimately however, to enter a protective order because there was no evidence presented by Mrs. White in support of her malicious claims against Plaintiff.

10. Beginning in the middle of June 2017, Plaintiff resumed the caregiver responsibility of his father at the apartment residence where they reside jointly with his mother. Although labor that Plaintiff provided to his father as the caregiver is not compensable, the work was always generously accepted. In spite of the significant financial contribution in the form of Plaintiff's time, among other ways, the Defendants' refuse to acknowledge the apparent common tenancy through a joint failure to revise the

1  lease in which correctly reflects Plaintiff's occupancy, and by providing him with keys to
2  the apartment unit. These incontrovertible facts were suddenly realized after a meeting
3  between the Defendants' on July 3, 2017, when Plaintiff was told about the property
4  management decision to not renew the lease unless he was forced to move-out because he
5  had previously filed complaints about the unlawful housing practices. Although Plaintiff
6  chastised Mrs. White about the fair housing laws concerning retaliation, she removed
7  several valuable items of Plaintiff's property from the apartment residence, placed them
8  outside, and locked the door, the clear purpose which was to effect another constructive
9  eviction.

10  11. Plaintiff Todd White and his father Mr. White resided together at the Pine
11  Vista Apartments in Chula Vista, California. In addition to receiving social security
12  benefits, the state of California provides Mr. White with the funds for providing him with
13  the required in-home health services necessary for promoting his rehabilitation. But even
14  though Mr. White is incapacitated because of handicap, the state of California required Mr.
15  White's signature on claim forms that attest to work Defendant Nickie White seeks the
16  payment for. The acts and omissions of Defendant Nickie White as alleged in this Verified
17  Complaint were done for purposes of justification for the continued filing of claims for
18  payment with the state of California (i.e. preservation of the status quo). Defendant White
19  therefore has pecuniary interests in violating Mr. White's rehabilitation rights which are
20  oppressive, immoral, and unethical.

21  12. The landlord Defendant San Diego Sunrise Management subsequently profits
22  from Defendant White's fraudulent conduct through their own unjust enrichment scheme in
23  demanding rent which is representative of over two-thirds of Mr. White's gross income, all
24  while the failures to make repairs necessary in the accommodation of Mr. White goes
25  unremitted. Defendants' San Diego Sunrise Management Company and Chairez then
26  retaliated against Mr. White, refusing the renewal of his lease agreement unless Plaintiff
27  was forced to move out tenancy and because of the lawsuit entitled *Todd White v. San*
28

5
VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION,
DECLARATORY AND INJUNCTIVE RELIEF

*Diego Sunrise Management Company*, SDSC Case No. 37-2016-39009-CU-WE-CTL.

13. In order to conceal their fraudulent contract inducement efforts, the Defendants' further retaliated against Plaintiff through constructive eviction on July 3, 2017. Furthermore, because of the refusal to acknowledge that Plaintiff was in fact a tenant, the Defendants' violated the Fair Housing Act because they treated Plaintiff differently to that of the other tenants through refusal to correct the lease agreement and provide him with keys to the unit which further subjected Plaintiff to hostile environment harassment in violation of 81 F.R. 63054.

14. The Fair Housing Act, in pertinent part, makes unlawful:

To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of—

(A) that buyer or renter,

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) *any person associated with that buyer or renter.*

(2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—

(A) that person; or

(B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or

(C) *any person associated with that person.*

See 42 U.S.C. §3604(f)(1)-(2) (Emphasis Added).

////

////

////

////

6
**VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY AND INJUNCTIVE RELIEF**

# FIRST COUNT

## VIOLATION OF THE FAIR HOUSING ACT

### 42 U.S.C. §3601, ET. SEQ.

#### (Against Each Defendant)

15. Plaintiff incorporates by this reference, the preceding paragraphs of this Verified First Amended Complaint as though fully set forth herein.

16. The Fair Housing Act provides it is "unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap." 42 U.S.C. §3604(f)(2).

17. The Fair Housing Act provides that "discrimination includes—a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. §3604(f)(3)(b).

18. The Fair Housing Act requires that reasonable accommodations shall be provided as follows:

(i) the public use and common use portions of such dwellings are readily accessible to and usable by handicapped persons.

(ii) all the doors designed to allow passage into and within all premises within such dwellings are sufficiently wide to allow passage by handicapped persons in wheelchairs.

(iii) an accessible route into and through the dwelling.

(iv) light switches, electrical outlets, thermostats, and other environmental controls in accessible locations.

(v) reinforcements in bathroom walls to allow later installation of grab bars.

(vi) usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space. 42 U.S.C. §3604(f)(4).

19. The Defendants' have violated 42 U.S.C. §3604(f)(4) because in addition to the failure to provide reasonable accommodations, the Defendants' have failed to establish written policies, practices, and procedures for reporting of the individual requirement for reasonable accommodations.

20. The Fair Housing Act makes it unlawful to "make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. §3604(c).

21. The Defendants' have violated 42 U.S.C. §3604(c) as to Mr. White because of the refusal to renew Mr. White's lease agreement unless Plaintiff was forced to move out of the apartment unit.

22. The Fair Housing Act makes it unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" and to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. §3604(a)-(b).

23. The Defendants' have violated 42 U.S.C. §§3604(a)-(b) because they refuse to negotiate with Plaintiff for rental of the premises on account of familial status the equal terms, conditions, and privileges as those of the other tenants such as providing him with a written lease agreement and keys to the unit dwelling.

24. The Fair Housing Act provides that "it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Act." 42

U.S.C. §3617.

25. The Defendants' have violated 42 U.S.C. §3617 through the acts and omissions as described in this Verified Complaint and which are incorporated by this reference.

26. The Defendants' jointly committed the acts and omissions as described in this Verified First Amended Complaint for the improper motive of oppression, fraud, and malice. Accordingly, Plaintiff and Mr. White are entitled to recovery of punitive damages in an amount according to proof.

## SECOND COUNT

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

## 42 U.S.C. §12101, ET. SEQ.

### (Against Each Defendant)

27. Plaintiff incorporates by this reference, the preceding paragraphs of this Verified Complaint as though fully set forth herein.

28. Congress enacted the Americans with Disabilities Act ("ADA") upon finding, among other things, that "society" has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. §12101(a)(2).

29. In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. §12101(b)(1)-(2).

30. The ADA provides, *inter alia*, that it shall be unlawful to subject an individual or class of individuals on the basis of a disability "to a denial of the opportunity of the individual, or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. §12182(a)(i).

31. The ADA further provides that it shall be discriminatory "to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afford to the other individuals." 42 U.S.C. §12182(a)(ii).

32. The Defendants' acts and omissions as alleged in this Verified Complaint are in violation of the ADA, 42 U.S.C. §12101, et seq., and the regulations promulgated thereunder.

33. As the proposed guardian ad litem, Plaintiff is a disabled person specifically protected under the ADA. 42 U.S.C. §12102(2) and 28 C.F.R §36.104. The Defendants' consequently have denied full and equal access to the dwelling home, in violation of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages equal to the sum of Five Million Dollars ($5,000,000.00) according to proof.

2. For punitive damages according to proof.

3. For restitution and disgorgement according to proof.

4. For attorneys' fees and costs.

5. For declaratory relief permanently enjoining Defendants' from violation of 45 U.S.C. §§3617 and 3631.

6. For all such relief as the Court deems just or proper.

Date: September 1, 2017

By: _____
Todd White
Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial on all remaining genuine disputes of material fact triable by a jury.

Date: September 1, 2017

By: _____
Todd White
Plaintiff

VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, DECLARATORY AND INJUNCTIVE RELIEF

## VERIFICATION

I, Todd White, have read the foregoing Verified First Amended Complaint for Damages and Restitution and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Verification was executed on September 1, 2017 in San Diego, California.

_____
Todd White