UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WHITE, on behalf of himself, and as proposed guardian ad litem for JAMES WHITE, an individual<br><br>                Plaintiffs,<br>v.<br>SAN DIEGO SUNRISE MANAGEMENT COMPANY, a California corporation; NICKIE WHITE, an individual; SILVIA CHAIREZ, an individual; and DOES 1-100<br><br>                Defendants. | Case No.: 17cv1416-JAH (LL)<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF TODD WHITE'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [DOC. NO. 4]; AND**<br><br>**2. DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

This matter comes before the Court on motion for leave to proceed *in forma pauperis*. On September 1, 2017, the Court received the First Amended Complaint ("FAC") signed by Todd White, a non-attorney, suing on behalf of himself and as a proposed *guardian ad litem* for his disabled father, James White, (hereinafter "Plaintiffs") against Defendants San Diego Sunrise Management, Nickie White, Silvia Chairez, and Does 1-100 (collectively, "Defendants"). *See* Doc. No. 5. Todd White alleges Defendants violated specific sections of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") and requests to proceed on behalf of himself and his father.

1

Todd White also filed a motion for leave to proceed *in forma pauperis* ("IFP") on behalf of himself, pursuant to 28 U.S.C. § 1915(a). *See Doc. No.* 2. After careful review of the record and for the reasons set forth below, the Court (1) GRANTS Plaintiff's motion for leave to proceed IFP, [doc. no. 2]; and (2) DISMISSES the FAC [doc. no. 1], as to Plaintiff Todd White, without prejudice for failure to state a claim for relief and DENIES Todd White's request to proceed on Plaintiff James White's behalf.

## I. Plaintiff Todd White's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

Todd White, in support of his IFP motion, has applied to proceed in district court without paying fees or costs. *See Doc. No.* 2. Plaintiff is a self-employed legal professional, earns an average monthly income of $125.00 per month, and during the 12 months preceding his application, collected $195.00 per month in public assistance. *Id*. at 1-2. He lists no other income. *Id*. Plaintiff has a prepaid American Express account but lists no other bank accounts. *Id.* at 2. Plaintiff anticipates no major changes to his income over the next twelve months and currently transitions between food pantries and soup kitchens. *Id. at 5.* Based on the information presented, the Court finds Plaintiff sufficiently demonstrates his inability to pay the filing fee required to pursue the instant action. Therefore, the Court **GRANTS** the motion for leave to proceed IFP as to Plaintiff Todd White.

2

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Legal Standard

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). Section 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the in forma pauperis provisions make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure ("*Fed. R. Civ. P.*") 4(c)(2). *Lopez*, 203 F.3d at 1127.

Rule 12(b)(6) tests the sufficiency of the complaint. *Fed. R. Civ. P.* 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); see *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

To meet the requirements of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other

words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Insufficiency of Todd White's Claim

Plaintiff alleges that Defendants San Diego Sunrise Management Company and Chairez failed to make necessary repairs or provide reasonable accommodations, increased the monthly rent by two-hundred dollars, and refused to renew the lease agreement with his father, James White unless Plaintiff, Todd White, vacated the rental unit. Plaintiff further alleges that Defendants' acts are in violation of the American with Disabilities Act by denying him the opportunity to benefit from full and equal access to the dwelling and refusing to add him to the lease agreement.

*1. 42 U.S.C. § 3604(f)(1): Denial of a Dwelling*

Plaintiff primarily relies on 42 U.S.C §3604(f) of the Federal Housing Act ("FHA"). Section 3604 (f)(1) makes it unlawful to discriminate in the rental of a dwelling, or to otherwise deny a dwelling to any renter because of a handicap of: (a) the renter, (b) a person residing in or intending to reside in that dwelling, or (c) any person associated with the renter. To prevail on a claim under 42 U.S.C. § 3604(f)(1) a plaintiff must prove discrimination in the rental, or denial, of a living space attributable to the plaintiff's handicap, the handicap of a cohabitant or potential cohabitant, or the handicap of a person associated with the plaintiff. Plaintiff Todd White does not allege that he, himself, suffers from any physical or mental handicap. Although he sufficiently alleges that his father, James White is wheelchair bound, Plaintiff fails to allege a causal link between his father's handicap and Defendants' refusal to allow Plaintiff "full and equal access to the dwelling." Instead, Plaintiff alleges he was denied access to the rental dwelling as a form of retaliation for initiating a lawsuit against Defendants, not as a result of any handicap he or his father suffer. Accordingly, Todd White fails to state sufficient facts to state a claim under section 3604(f)(1).

4

*2. 42 U.S.C. § 3604(f)(2): Discrimination in the Terms, Conditions or Privileges*

Section 3604(f)(2) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of: (a) that person, (b) a person residing in or intending to reside in that dwelling, or (c) any person associated with that person.[1] For the purposes of this subsection, discrimination may include refusal to permit reasonable modifications of the premises, refusal to make reasonable accommodations in the polices or practices when necessary for use and enjoyment of the dwelling, or failure to design and construct dwellings accessible to physically handicapped persons. *See* 42 U.S.C §3604(f)(3). Under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation. *See* 42 U.S.C. § 3604(f)(3)(B); *United States v. California Mobile Home Park Mgmt. Co.,* 107 F.3d 1374, 1380 (9th Cir. 1997).

Although Todd White alleges that the terms and conditions of James White's lease agreement were modified, Plaintiff Todd White does not allege that he was a party to the lease agreement, nor that he has been discriminated against due to a physical or mental handicap. Accordingly, Todd White fails to state sufficient facts to state a claim under section 3604(f)(2).

---

[1] Plaintiff also references 42 U.S.C. § 3604(f)(3) and (f)(4). Section 3604(f)(3) describes the various ways in which discrimination may occur for the purposes of this subsection and (f)(4) refers to the standard by which compliance is governed.

5

### C. **Todd White's Standing to Bring Suit on Behalf of James White**

The Complaint alleges that Defendants failed to make reasonable accommodations including the installation of a wheel-chair ramp at the entry way to the apartment, a handicap accessible bathroom facility and "other necessary repairs" - presumably for James White's use and enjoyment. Even assuming James White is an "aggrieved person" who either "claims to have been injured by a discriminatory housing practice" or believes that such an injury "is about to occur" pursuant to 42 U.S.C. §§ 3613(a), 3602(i), Todd White must be appointed to bring suit on James White's behalf.

Todd White filed the instant action on behalf of himself and as "proposed *guardian ad litem*[2] for James White." He requests permission of the Court to allow him to proceed on behalf of his disabled father and refers to Rule 17 of the Federal Rules of Civil Procedure. Rule 17 states that "an action must be prosecuted in the name of the real party in interest," unless brought by a duly appointed representative. Rule 17(a)(1), *Fed.R.Civ.P*. The court must appoint a *guardian ad litem*--or issue another appropriate order--to protect a[n]… incompetent person who is unrepresented in an action." Rule 17(c)(2), *Fed.R.Civ.P*. If a need is sufficiently pled, "[t]he [appointed representative] must be truly dedicated to the best interests of the [person] on whose behalf he seeks to litigate," and not motivated by any personal gain. *Smith v. Adamas*, No. C 09-3764 PJH (PR), 2010 WL 458913, at *1 (N.D. Cal. Feb. 3, 2010).

The Complaint alleges James White is wheelchair bound and benefits from the in-home health care services of his wife and named co-defendant, Nikie White. The facts, as pled, are insufficient to determine whether James White is incompetent or incapacitated and whether Todd White would be an appropriate legal representative. The Court therefore

---

[2] A *guardian ad litem* is appointed to represent minors or infants, but may also represent the legal interest of an adult who is incompetent or incapacitated. In California, however, a conservator is appointed to exercise the legal rights of another adult who cannot care for him or herself, is developmentally disabled or has been seriously impaired.

**DENIES** Plaintiff Todd White's request to proceed, as *guardian ad litem* on behalf of James White, or otherwise represent James White's legal interests in this action.

### D. Leave to Amend

A *pro se* litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. See *Lopez*, 203 F.3d at 1130 (noting that leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). The facts, as pled in the FAC, call into question Todd White's status as a "renter" as required under 42 U.S.C. §3604(f)(1) and (2) of the Federal Housing Act. Further, the Complaint is ambiguous as to whether Plaintiff is alleging a physical or mental disability himself or only on behalf of James White.

Nonetheless, the Court grants leave to amend to allow Plaintiff Todd White to allege facts sufficient: (1) to state a claim for relief under the FHA and/or ADA on behalf of himself, (2) for the Court to determine whether James White is incompetent or incapacitated, and if so, the suitability of Todd White to proceed as *guardian ad litem*. Nothing contained within this order shall be construed to affect the legal rights and remedies of James White. Therefore, while the Court finds Plaintiff's Complaint fails to state a claim for relief, it will provide one final opportunity to cure the pleading deficiencies as discussed in this order. See *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III. Conclusion and Order

Based on the foregoing, the Court HEREBY:

1. **GRANTS** Todd White's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a) [Doc No. 4];
2. **DISMISSES** Todd White's claims under the Federal Housing Act and the Americans With Disability Act without prejudice; and
3. **GRANTS** Plaintiff **thirty (30) days leave to amend his Second Amended Complaint ("SAC") in a manner that cures all the deficiencies of pleading**

7

**described in this order**. Plaintiff is cautioned, however, that should he choose to file a SAC, it must be complete by itself, comply with the Federal Rules of Civil Procedure, including Rule 8(a), and that any claim not realleged will be considered waived. See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."; *Lacey v. Maricopa Cnty.*, 963 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."

**IT IS SO ORDERED.**

DATED: November 25, 2019

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE